NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNIVERSITY SPINE CENTER, on assignment of Fernando F., <br><br> Plaintiff, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY and PSEG SERVICES CORPORATION, <br><br> Defendants. | Case No. 16-cv-8021(SDW)(LDW) <br><br><br> **OPINION** <br><br><br> May 9, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendants Horizon Blue Cross Blue Shield of New Jersey ("Horizon") and PSEG Services Corporation's ("PSEG") (collectively, "Defendants") Motion for Attorney's Fees pursuant to 29 U.S.C. § 1132(g)(1) and Federal Rule of Civil Procedure 54 ("Rule 54"). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, Defendants' Motion for Attorney's Fees is **GRANTED**.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

In late 2015, two surgeons affiliated with Plaintiff University Spine Center ("Plaintiff"), a healthcare provider located in Passaic County, New Jersey, performed in-patient, non-emergency spinal surgery on Fernando F. ("Patient"). *Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, Civ. No. 16-8021, 2018 WL 1169126, at *1 (D.N.J. Mar. 6, 2018). Patient was insured by a

1

PSEG Direct Access PPO Option self-funded employee health benefit plan (the "Plan"), for which Horizon acted as the claims administrator, and under which Patient had validly assigned his rights to Plaintiff. *Id.* Plaintiff and one of the surgeons who performed Patient's surgery are out-of-network providers under the Plan. *Id.*

Prior to his surgery, Horizon advised Patient and his wife that, under the terms of the Plan, as set out in a Summary Plan Description ("SPD"), Plaintiff would be paid 70% of the Plan's contract rate and Patient would be responsible for the difference between any covered charges and what the out-of-network surgeon might bill. *Id.* Plaintiff ultimately billed $195,550.00 for Patient's surgery, of which Defendant paid less than $9,000.00.[1] *Id.* Plaintiff appealed as to the amount of the reimbursement, but Defendant refused to make additional payment. *Id.*

On September 29, 2016, Plaintiff filed suit in the Superior Court of New Jersey, Law Division, Passaic County and Defendants removed to this Court. *Id.* at 2. Plaintiff later amended the Complaint, alleging breach of contract, failure to make payments pursuant to Patient's Plan, breach of fiduciary duty, and failure to establish/maintain reasonable claim procedures. *Id.* The magistrate judge in this matter subsequently held two separate settlement conferences. (Dkt. Nos. 14, 30.) At the second of these conferences, Defendants offered Plaintiff a monetary settlement, which Plaintiff refused. (Dkt. No. 41-1 at 4.)

Defendants moved for summary judgment on January 8, 2018. (Dkt. No. 35.) This Court granted Defendants' motion, (Dkt. Nos. 39, 40), finding that the Plan language was clear, that Patient had been properly advised as to the scope of the Plan's coverage, and that Defendants had properly reimbursed Plaintiff pursuant to the Plan's terms. *See University Spine*, 2018 WL 1169126 at *3. Defendants filed the instant Motion for Attorney's Fees on March 22, 2018. (Dkt.

---

[1] Defendant paid that amount after applying "Medicare based allowances, patient cost-sharing obligations, coding logic, and standard assistant procedure reimbursement guidelines." *Univ. Spine*, 2018 WL 1169126 at *1 n.3.

No. 41.) Plaintiff filed its timely opposition on April 20, 2018, and Defendants replied on April 26, 2018. (Dkt. Nos. 46, 47.)

## II. DISCUSSION

ERISA § 502(g)(1) provides that in an "action brought by a participant, beneficiary, or fiduciary, a 'district court in its discretion may allow a reasonable attorney's fee and costs of action to either party.'" *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, Civ. No. 17-4600, 2018 WL 1420496, at *15 (D.N.J. Mar. 22, 2018). Although "the statutory provision itself does not dictate that a party must prevail in order to be awarded attorney's fees, courts have interpreted the statute as requiring the party to prevail before fees will be awarded." *Id.* (citing *Local 827 Int'l Bhd. of Elec. Workers, AFL-CIO v. Verizon N.J. Inc.*, Civ. No. 02-1019, 2006 WL 2246369, at *2 (D.N.J. Aug. 3, 2006)); *see also Hardt v. Reliance Std. Life Ins. Co.*, 560 U.S. 242, 245 (2010). To determine whether an award of fees is appropriate, a court must consider; "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney' fees; (3) the deterrent effect of an award of attorneys' fees; (4) the benefit conferred upon members of the pension plan as a whole; and (5) the relative merits of the parties' positions." *Fields v. Thompson Printing Co.*, 363 F.3d 259, 275 (3d Cir. 2004) (citing *Uric v. Bethlehem Mines*, 719 F.2d 670, 673 (3d Cir. 1983)); *see also Ctr. for Orthopedics & Sports Med. v. Anthem Blue Cross Life & Health Ins. Co.*, Civ. No. 16-08876, 2018 WL 1440325, at *6 (D.N.J. Mar. 22, 2018). Defendants, having been granted summary judgment, are prevailing parties to whom attorney's fees are available under ERISA's fee shifting statute. Therefore, this Court turns to the five-factor analysis to determine whether they are entitled to fees.

First, while there is no overt indication that Plaintiff is acting in "bad faith," where bad faith illustrates "ulterior motive or sinister purpose," *McPherson v. Emps.' Pension Plan of Am.*

*Re-Ins. Co.*, 33 F.3d 253, 254 (3d Cir. 1994), its prolific boilerplate filings[2] in this district suggest a willingness to litigate without regard to the substantive merits of its claims. For example, Plaintiff's Complaint and Amended Complaint both included a claim for breach of contract, even though it is well-established that claims for breach of contract are barred where those claims relate to an ERISA plan. *See, e.g.*, *Pilot Life Ins. Co v. Dedeaux*, 481 U.S. 41, 44-45 (1987) (holding that ERISA preempts state law claims that relate to an employee benefit plan); *Ingersoll-Rand Corp. v. McClendon*, 498 U.S. 133 (1990) (noting that state law breach of contract claims are preempted by ERISA); *Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir. 2001); *Jennings v. Delta Air Lines, Inc.*, 126 F. Supp. 3d 461, 466-67 (D.N.J. 2015); *Menkes v. Prudential Ins. Co. of Am.*, Civ. No. 12-2880, 2013 WL 12284419, at *6 (D.N.J. Jan. 29, 2013).[3] Further, in granting summary judgment for Defendants, this Court found that the language of the Plan, and consequently, Plaintiff's rights to reimbursement as an out-of-network provider, "could not be more clear" and Plaintiff "has no right to expect to be reimbursed more than the Medicare rates allow." *Univ. Spine*, 2018 WL 1169126 at *3. As such, this Court is satisfied that Plaintiff is culpable for forcing defense counsel to incur unnecessary costs. *See, e.g.*, *Griffin v. Humana Emp'rs. Health Plan of Ga., Inc.*, 167 F. Supp. 3d 1337, 1343 (N.D. Ga. 2016) (granting motion for fees against provider who filed "carbon-copy lawsuits").[4]

---

[2] This is only one of nearly seventy suits that Plaintiff has filed against health care providers that defense counsel represents. (Dkt. No. 41-2 ¶ 3-4 and Ex. A.) This number does not include suits against other insurers that defense counsel does not represent. In each suit, Plaintiff raises ERISA claims for failure to properly reimburse for out-of-network procedures it performed. (*Id.*)

[3] The fact that Plaintiff continued to include a claim for breach of contract in its Amended Complaint is all the more egregious because a mere two weeks earlier, it agreed to dismiss its state law breach of contract claim in another matter pending in this district. *See Univ. Spine Ctr. v. Horizon Blue Cross Blue Shield of N.J.*, 262 F. Supp. 3d 105, 107 (D.N.J. 2017) (noting that plaintiff's breach of contract claim was preempted by federal law and that it had "agreed to voluntarily dismiss" that count). It was not until Plaintiff filed its opposition brief to Defendants' motion for summary judgment that it finally dropped that state law claim. (Dkt. No. 37 at 10.)

[4] Plaintiff's moving papers argue that it had no choice but to file suit because Defendants refused to provide it with a copy of the SPD and, therefore, Plaintiff could not determine what it was owed under the Plan. (Dkt. No. 46 at 2, 4, 13-14.) This argument is unavailing. Plaintiff, as an assignee, steps into Patient's shoes, who at all times had access

Next, Plaintiff, a large medical association with multiple locations in New Jersey and New York, with attorneys on hand to file dozens upon dozens of claims throughout this district, is capable of paying defense counsel's fees. (*See* www.universityspinecenter.com, (last visited May 2, 2018) (identifying locations); Dkt. No. 46 at 9 (admitting "Plaintiff has the ability to pay attorneys' fees")). Indeed, because Plaintiff is represented by counsel, this Court assumes it was made aware of ERISA's fee-shifting provision and filed its suit notwithstanding that risk. In addition, an award of fees may act as a deterrent against Plaintiff's serial litigation and discourage Plaintiff from filing claims that lack merit and which clog this Court's docket.

As to the fourth factor, it is not clear that an award of fees would benefit enrollees of the Plan because Horizon has agreed to assume PSEG's defense in this matter. (Dkt. No. 41-1 at 14.) Were this not the case, an award of fees would benefit enrollees because in general, when a self-funded employee health benefit plan has to pay extensive attorney's fees, it drains funds an employer can dedicate to health care costs for covered members.

Finally, the relative merits of the parties' positions, having been thoroughly addressed in this Court's summary judgment opinion, and this Court having balanced all the factors to be considered when awarding fees to a prevailing party, an award of fees pursuant to 29 U.S.C. § 1132(g)(1) is appropriate in this case. The affidavit submitted by Defendants' counsel complies with Local Civil rules 54.1 and 54.2. Counsel invested a total of 67 hours in this matter, resulting in fees totaling $ 17,893.59 (at a rate of $280-88/per hour for counsel and $152/per hour for counsel's paralegal). (Dkt. No. 41-2 ¶¶ 8-10 and Ex. B.) Given the facts and nature of this case $ 17,893.59 is reasonable.[5] Defendants' motion will be granted.

---

to the SPD and was made aware of its terms. It also appears that Plaintiff sought, and was provided with, a copy of the SPD during discovery. (*See* Dkt. Nos. 8, 47 at 8.)

[5] There is no merit to Plaintiff's argument for a reduction of fees. (*See* Dkt. No. 46 at 14-15.) Defendants have billed for approximately eight (8) days of work in a matter that required, among other things: answering a complaint

### III. CONCLUSION

For the reasons set forth above, this Court **GRANTS** Defendants' Motion for Attorney's Fees. An Order consistent with this Opinion follows.

                                                s/ *Susan D. Wigenton*_____
                                                **SUSAN D. WIGENTON**
                                                **UNITED STATES DISTRICT JUDGE**

Orig:         Clerk
cc:            Leda D. Wettre, U.S.M.J.
                Parties

---

and an amended complaint; communicating with clients, opposing counsel and the court; submitting discovery plans; attending or participating in multiple conferences with the court, including two separate settlement conferences; filing moving and reply papers in a summary judgment motion; and filing moving and reply papers for the instant motion for fees. This is entirely reasonable.